IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WADE WINN (TDCJ No. 1867684), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-2361-N-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Mark Wade Winn, a Texas inmate, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 1; *see also* Dkt. No. 4 (memorandum in support). This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

After this action was transferred to the Dallas Division of this district and referred to the undersigned, the Court issued a questionnaire to Winn regarding whether his Section 2254 petition was barred by the applicable statute of limitations. *See* Dkt. No. 9. Thereafter, the Court ordered that Respondent file a preliminary response regarding limitations. *See* Dkt. No. 11. And, while Winn filed verified responses to the Court's questionnaire, *see* Dkt. No. 10, he did not file a reply to Respondent's response contending that this action is time-barred, and the time by

-1-

which to do so has expired.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should deny the application as barred by the applicable statute of limitations.

**Applicable Background**

Winn currently is incarcerated under a 2013 conviction for evading arrest with a vehicle (enhanced) in Johnson County, Texas. *See State v. Winn*, F47556 (18th Jud. Dist. Ct., Johnson Cty., Tex.). As he did not file a direct appeal, this conviction and sentence, imposed on July 19, 2013, became final for federal-habeas limitations purposes 30 days later (or on Monday, August 19, 2013). *See* TEX. R. APP. P. 26.2(a)(1); 4.1(a). Winn did not seek state post-conviction relief within one year from that date. Instead, he waited until May 2016 to file a state-habeas application. *See State v. Winn*, F47556A (18th Jud. Dist. Ct., Johnson Cty., Tex.). The Johnson County court transferred that application to the Texas Court of Criminal Appeals (the "CCA"), and the CCA denied the application without a written order. *See Ex parte Winn*, WR-85,181-01 (Tex. Crim. App. June 22, 2016).

The Section 2254 habeas application Winn filed in this Court less than one month later raises two claims – that "[d]uring his guilty plea," the State violated his due process rights "by denying him his arrest report [regarding] statements [concerning what] the officer said [as to] not see[ing] any reason to stop him," Dkt. No. 4 at 7, and that his counsel was constitutionally ineffective, *see* Dkt. No. 4 at 5-6.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some

extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that

---

[1] *See also Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

-4-

the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

**Analysis**

Because Winn has raised a habeas claim possibly implicating *Brady v. Maryland*, 373 U.S. 83 (1963), the undersigned addresses initially the application of Section 2244(d)(1)(D), the factual predicate provision of the statute of limitations.

A factual predicate is defined as "the vital or principal facts underlying" a claim. *Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012)); *accord Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

The vial fact supporting Winn's due-process claim is that the prosecution allegedly failed to disclose a report at the time he pled guilty in state court, in 2013. But this claim, as presented in the habeas petition, is amorphous, in that Winn fails

-5-

to allege facts from which the Court can determine that he acted with due or reasonable diligence to bring this claim once he discovered the alleged non-disclosure of allegedly material evidence. *See Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2016 WL 777695, at *6 (N.D. Tex. Jan. 19, 2016) ("[F]or the factual predicate provision to apply, "'a petitioner's diligence must merely for "due" or "reasonable" under the circumstances,'" and "'diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act." Therefore, "'[t]he important thing is to identify a particular time when ... diligence is in order.'" (quoting *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (per curiam) (in turn quoting, respectively, *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008), and *Johnson v. United States*, 544 U.S. 295, 308 (2005)))), *rec. accepted*, 2016 WL 759564 (N.D. Tex. Feb. 26, 2016).

Because Winn has failed to allege facts from which the Court may determine that he was diligent, he has not shown that the limitations period should run under Section 2244(d)(1)(D).

As that section does not extend the limitations period here, the undersigned turns to the only other provision potentially applicable – Section 2244(d)(1)(A).

Because Winn failed to file a direct appeal, the conviction and sentence imposed in June 2013 became final for limitations purposes 30 days later. *See* TEX. R. APP. P. 26.2(a)(1). July 10, 2016, the date that Winn declares he placed this federal habeas application in the prison mail system, *see* Dkt. No. 1 at 10, then, is some two years too late.

And, since Winn's state habeas application was filed after AEDPA's limitations period lapsed, it could not toll that limitations period. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))). The current Section 2254 application is therefore due to be denied as untimely absent equitable tolling of the limitations period.

In this regard, through his responses to the Court's questionnaire, Winn alleges that he was incompetent to plead guilty and that his incompetency has continued, such that he "would not [have] known how to seek relief if not for the help of" a fellow inmate who filed the Section 2254 application for Winn. Dkt. No. 10.

> The [United Stats Court of Appeals for the] Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." *Guerra v. Thaler*, No. 3:09-cv-2272-P, 2010 WL 5071614, at *2 (N.D. Tex. Oct. 25, 2010) (citing *Smith v. Johnson*, 247 F.3d 240 (table), 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001)), *rec. adopted*, 2010 WL 5071608 (N.D. Tex. Dec. 10, 2010). A petitioner must "'sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights'" in a timely manner. *Guerra*, 2010 WL 5071614, at *2 (quoting *Smith v. Johnson*, 2001 WL 43520, at *3); *see also Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) ("Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with 'severe psychotic and/or schizophrenia [sic] tendencies,' he nowhere explains how this prevented him from pursuing his legal rights.").

*Guyton v. Thaler*, No. 3:12-cv-4555-B-BN, 2013 WL 1130290, at *2 (N.D. Tex. Feb. 26, 2013), *rec. adopted*, 2013 WL 1131248 (N.D. Tex. Mar. 19, 2013).

Winn's claim of mental incompetency is conclusory. He has failed to provide the

-7-

Court with evidence – or even alleged facts – to support his claim that a mental disability interfered with his ability to file a federal writ in a timely manner. That is, he has not shown that there is a "causal connection between [his] mental illness and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (citing *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010) ("There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[A] habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."); *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (same); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled.")); *see also Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-2100-P-BD, 2011 WL 444860, at *2-*3 (N.D. Tex. Jan.19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*, 2011 WL 419200 (N.D. Tex. Feb.7, 2011); *Guerra*, 2010 WL 5071614, at *2 (petitioner not entitled to equitable tolling where he

failed to meet his burden of establishing the degree and duration of his mental impairment).

Winn therefore has not carried his "burden ... to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" his Section 2254 habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

**Recommendation**

The Court should deny the application for writ of habeas corpus as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 21, 2017

                                                              _____
                                                          DAVID L. HORAN
                                                          UNITED STATES MAGISTRATE JUDGE